**Richard W. SOWERS and Judith L. Sowers, Debtors and Plaintiffs–Appellants,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant–Appellee.**

Civ. No. 88–293–B.

United States District Court, S.D. Iowa, C.D.

Feb. 9, 1989.

Robert L. Huffer, Story City, Iowa, for debtors and plaintiffs-appellants.

David Davitt, Des Moines, Iowa, for defendant-appellee.

MEMORANDUM AND DECISION ON APPEAL FROM BANKRUPTCY COURT

VIETOR, Chief Judge.

This is a bankruptcy appeal.

In 1978 the debtors, plaintiffs-appellants, purchased a house in Story City, Iowa. The Story County State Bank financed the purchase and the debtors executed and delivered to the bank a mortgage on the house to secure the loan. The mortgage contains the following "dragnet" clause:

This mortgage shall stand as security for said note, and for any and all future and additional advances made to the Mortgagors by the holder of said note in such amount or amounts so that the total of such future additional advances outstanding and unpaid at any one time shall not exceed $42,000.00 * * *.

The debtors' payments on the home loan are current, but a balance remains to be paid.

Later the bank financed the debtors' farming operation. Security agreements on the farm loans listed as security farmland, equipment and other security, but did not list the house in Story City as part of the security.

At the time the debtors obtained the house loan a bank official explained to them that the dragnet clause quoted above would allow the debtors to borrow up to $42,000.00 for home improvements without incurring the costs of rewriting a new mortgage and note for every advance. Borrowing for any other purpose was neither discussed nor considered. It was the mutual understanding of the bank and the debtors that the dragnet clause would be limited to future home improvement loans and neither of the parties ever understood or believed that the later farm operation loans were covered by the mortgage on the house.

Later the bank was closed and the Federal Deposit Insurance Corporation (FDIC), defendant-appellee, in its corporate capacity, acquired from FDIC, as receiver of the bank, all notes, security agreements and mortgages signed by the debtors in favor of the bank.

On April 7, 1988, the bankruptcy court entered the order from which debtors appeal. That order holds that the dragnet clause in plaintiffs' home mortgage operates to grant the FDIC a security interest in the home for the subsequent farm operation loans. The bankruptcy court reached this conclusion based on 12 U.S.C. § 1823(e), which provides:

No agreement which tends to diminish or defeat the right, title or interest of the Corporation [FDIC] in any asset acquired by it under this section, either as a security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

Debtors argue that as a matter of Iowa law the dragnet clause does not extend the mortgage security in the house to the later farm loans and that therefore the FDIC's interest in the farm loans never included a security interest in the house. The FDIC argues that the dragnet clause applies by its terms to the farm loans and that any understanding to the contrary between the bank and the debtors cannot defeat FDIC's security interest in the house because the four conditions enumerated in section 1823(e) are not met.

The Iowa Supreme Court has construed dragnet clauses in mortgages as follows:

[I]n the absence of clear, supportive evidence of a contrary intention a mortgage containing a dragnet-type clause will not be extended to cover future advances unless the advances are of the same kind and quality or relate to the same transaction or series of transactions as the principal obligations secured or unless the document evidencing the subsequent advance refers to the mortgage as providing security therefore.

*In re Simpson,* 403 N.W.2d 791, 793 (Iowa 1987) (quoting *Freese Leasing v. Union Trust & Savings Bank,* 253 N.W.2d 921, 927 (Iowa 1977) quoting *Emporia State Bank and Trust Co. v. Mounkes,* 214 Kan. 178, 519 P.2d 618, 623 (1974)).

It is undisputed that the farm loans do not refer to the house as security and are not of the same kind and quality and do not relate to the same transaction or series of

transactions as the house mortgage loan. Also, there is no evidence whatsoever of an intention on the part of the debtors or the bank that the farm loans be secured by the house mortgage.[1]

It is clear, therefore, that under Iowa law the farm loans never were secured by the house mortgage. Section 1823(e) does not expand coverage of a mortgage interest acquired by FDIC; it merely provides that the reach of any mortgage interest acquired by FDIC cannot be diminished or defeated by some side agreement unless the four enumerated conditions are met. Stated another way, the statute does not operate to create an agreement that never was (i.e., an agreement to secure the farm loans with the house mortgage).

The underlying purpose of section 1823(e) is not frustrated by this court's decision because the FDIC was on notice of the Iowa law governing the limited reach of mortgage dragnet clauses and was on notice that there were no facts bringing the farm loans within the reach of the dragnet clause as construed by the Iowa Supreme Court.

The bankruptcy court erred in concluding that the farm loans were secured by the house mortgage, and therefore the decision of the bankruptcy court is reversed and the case is remanded for proceedings consistent with this opinion.

---

1. The bankruptcy judge stated at page 11 of her memorandum of decision that "the bank admits that the dragnet clause was intended to secure the farm loans." The bankruptcy court's

[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall

be given to the bankruptcy court to judge the credibility of witness.

Bankruptcy R. 8013. This finding is unsupported by the evidence and clearly erroneous, which the FDIC concedes. The quoted finding of the bankruptcy court is set aside as clearly erroneous.